UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:19-CR-22-TBR

UNITED STATES OF AMERICA,                                                        PLAINTIFF

v.

KENDRICK MALONE,                                                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Kendrick Malone's Motion to Exclude. [DN 54]. The Government responded. [DN 55]. This matter is ripe for adjudication. For the reasons stated herein, Defendant's Motion to Exclude, [DN 54], is DENIED.

**BACKGROUND**

On April 12, 2019, Defendant was indicted on one count of possession with intent to distribute methamphetamine. [DN 1]. Discovery indicates that the Government's evidence against Defendant includes several references to the nickname "Gangsta." [DN 54]. Defendant now seeks to exclude any evidence or testimony at trial relating to this nickname. *Id.* Defendant argues that the use of this alias will "unavoidably prejudice the jury against Mr. Malone, because it implies that he has a criminal predisposition or is involved in organized crime. Any such evidence is irrelevant and would be improper character evidence" pursuant to Federal Rules of Evidence 402, 403, and 404. *Id.*

In response, the Government argues that Defendant's nickname should not be excluded from trial because it is relevant to the case and it does not constitute improper character evidence. [DN 55 at 146]. Specifically, the Government notes that evidence regarding Defendant's alias is "central to the identification of the defendant and to the background of the charged offense." *Id.* Indeed, some witnesses were able to identity Defendant only by his nickname. *Id.* at 147.

1

Additionally, the Government asserts that the use of Defendant's alias is not unduly prejudicial. *Id.* at 148.

## LEGAL STANDARD AND ANALYSIS

As a general rule, the Sixth Circuit "disfavor[s] the use of aliases in indictments and at trial, and permit[s] their use only when they are relevant to identify the defendant." *United States v. Williams*, 158 F. App'x 651, 654–55 (6th Cir. 2005) (citing *United States v. Wilkerson,* 456 F.2d 57, 59 (6th Cir. 1972)). "In other words, 'the use of an alias in an indictment and in evidence is permissible if it is necessary to connect the defendants with the acts charged.'" *United States v. Norwood*, No. 12-CR-20287, 2014 WL 103835, at *1 (E.D. Mich. Jan. 10, 2014) (quoting *United States v. Emuegbunam,* 268 F.3d 377, 394 (6th Cir. 2001)). "[A]s long as the alias assists in identifying the defendant, it is relevant and admissible." *Williams*, 158 F. App'x at 655.

For example, in *United States v. Williams*, the Sixth Circuit found that an alias was relevant to identifying a defendant when "the government introduced undercover videotapes of gang meetings in which members identified themselves by their aliases" and "some witnesses knew defendant only by his alias." *Id.*; *see also Norwood*, 2014 WL 103835, at *1 (a nickname was relevant to identifying a defendant when he used the alias on internet sites and some witnesses knew him by his alias). Similarly, in *United States v. Johnson*, the Sixth Circuit concluded that the government generally used the nickname "Unkle Murda" appropriately when it "elicited testimony from a few witnesses that Johnson was known as 'Unkle Murda,' and in some cases, Johnson referred to himself as 'Unkle Murda' on social media exhibits the government brought as evidence." 726 F. App'x 393, 401 (6th Cir. 2018) (judgment vacated on other grounds). However, the Court noted the following exchange was improper because "[t]he repetition of the 'Unkle Murda' nickname was irrelevant to identifying Johnson":

> Q. All right. What did you discuss, if anything, with Unkle Murda?
> [Lawyer objects and court instructs government to rephrase the question.]
> Q. Did you refer to Ev as another name?
> A. Unkle Murda.
> Q. Okay. Did you contact Unkle Murda?
> A. Yes.
> Q. What did Unkle Murda tell you?

*Id.* at 401–02.

Additionally, "[w]hen considering whether to allow the use of an alias, courts should consider whether reference to such an alias would be unduly prejudicial." *Norwood*, 2014 WL 103835, at *1 (citing *Wilkerson,* 456 F.2d at 59 (finding non-prejudicial error when prosecutor commented in closing argument that "people with nothing to hide do not use aliases")). In *Williams,* the Sixth Circuit concluded that the use of the defendant's nickname was not unduly prejudicial because "the government did not emphasize the alias in a way that would predispose the jury against Young or suggest improper character inferences." *Williams*, 158 F. App'x at 655. In *United States v. Braden*, the court implemented the following precautions in order to insure the use of the defendant's nickname complied with Sixth Circuit precedent: (1) the indictment would be revised to remove any references to nicknames; (2) during opening statements, the government would be "allowed to state in the most general way that Braden and others may be known by nicknames, without getting into specifics at that point"; and (3) "when inquiring into whether a witness knows Braden solely by the nickname 'Manstinka' the Government will refrain from referring to 'Charles Braden' or anyone else as his 'government name.'" 328 F. Supp. 3d 785, 790 (M.D. Tenn. 2018).

Based on the foregoing, the Court will allow the Government to use Defendant's nickname at trial to identify Defendant and connect him to the acts charged. However, in order to prevent Defendant from being unfairly prejudiced by the use of the alias, the Government is prohibited

3

from the repetitive use of the nickname when examining witnesses or presenting other evidence relevant to the nickname. Moreover, in opening and closing statements, the Government is permitted to state in the most general way that Defendant may be known by a nickname, but shall refrain from using the nickname itself.

## CONCLUSION

For the reasons stated here, **IT IS HEREBY ORDERED**: Defendant's Motion to Exclude, [DN 54], is **DENIED**.

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

March 18, 2020

CC: Attorneys of Record